Kaur v. Garland

BIA
Navarro, IJ
A 206 564 360/361/362/363

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of June, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

DALJIT KAUR, SATPAL SINGH, MANVEER SINGH BHAMRA, KARANVEER SINGH BHAMRA,
　*Petitioners,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　*Respondent.*

20–414
NAC

---

FOR PETITIONERS: Genet Getachew, Esq., Law Office of Genet Getachew, Brooklyn, NY.

FOR RESPONDENT: Ethan P. Davis, Acting Assistant Attorney General; Anthony P.

Nicastro, Assistant Director; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Daljit Kaur, Satpal Singh, Manveer Singh Bhamra, Karanveer Singh Bhamra, natives and citizens of India, seek review of a January 7, 2020 decision of the BIA affirming a March 30, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daljit Kaur, et al.,* Nos. A 206 564 360/361/362/363 (B.I.A. Jan. 7, 2020), *aff'g* Nos. A 206 564 360/361/362/363 (Immig. Ct. N.Y. City Mar. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *see Hong*

2

*Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and we treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other

relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

We conclude that substantial evidence supports the adverse credibility determination. To begin with, Singh and Kaur alleged that Singh was beaten and detained and that their family was threatened because of their support for the Shiromani Akali Dal Amritsar Party. But the agency reasonably relied on inconsistencies between statements from Singh, Kaur, and Singh's father, as well as omissions from Singh's own statements relating to the severity of the abuse that prompted Singh to flee to Canada in 1987 and 1997, what happened to his family in India while he was away, and whether he was detained and tortured by the police when he returned from Canada in 2003. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances'

4

establishes that an asylum applicant is not credible."). The agency was not required to accept Singh and Kaur's explanation that Kaur did not tell Singh about threats while he was away, since Kaur told Singh about less serious harm. *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence," we defer to the factfinder's choice "so long as the deductions are not illogical or implausible." (internal quotation marks omitted)).

The agency also reasonably relied on a lack of corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Zou v. Garland*, No. 19-2003, 2021 WL 4097775, at *1 (2d Cir. Sept. 9, 2021) ("Even absent an adverse credibility determination, a lack of corroboration may be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented."). The agency reasonably gave little weight to

5

supporting affidavits because Singh's father's affidavit was inconsistent with Singh's own statements, and affidavits from two Mann party officials include some identical language.[1] *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 524 (2d Cir. 2007) ("[S]triking similarities between affidavits are an indication that the statements are 'canned.'").

The inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

[1] Petitioners do not acknowledge or explain why one of the affidavits pertains to an unrelated individual, S. Dilbag Singh. Certified Admin. Record at 260.

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court